984 F.2d 1025
 36 ERC 1089, 23 Envtl. L. Rep. 20,558
 KEY TRONIC CORPORATION, a Washington Corporation, Plaintiff-Appellee,
v.
UNITED STATES of America; United States Department of the
Air Force; Donald B. Rice, Secretary of the
United States Air Force, in his official
capacity, Defendants-Appellants.
 No. 91-36021.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 2, 1992.
Decided Jan. 28, 1993.
 
 M. Alice Thurston, U.S. Dept. of Justice, Washington, DC, for defendants-appellants.
 Mark W. Schneider, Perkins Coie, Seattle, WA, for plaintiff-appellee.
 Appeal from the United States District Court for the Eastern District of Washington.
 Before: SNEED, ALARCON and CANBY, Circuit Judges.
 ALARCON, Circuit Judge:
 
 
 1
 The United States Air Force (Air Force) appeals from the award of $155,500 in attorneys' fees to Key Tronic Corporation (Key Tronic) in this private response cost recovery action. The district court held that the Air Force was liable to pay to Key Tronic attorneys' fees as necessary response costs for prosecuting this private response cost recovery action in the district court, for legal expenses incurred searching for other potentially responsible parties liable for the cleanup, as well as legal expenses incurred in the preparation and negotiation of a consent decree between Key Tronic and the United States Environmental Protection Agency (EPA). The Air Force contends that the district court erred in concluding that these legal expenses incurred by Key Tronic were necessary response costs compensable under section 107(a)(4)(B) of CERCLA. We agree and reverse the award of attorneys' fees.
 
 I.
 PERTINENT FACTS
 
 2
 The Air Force disposed of liquid chemicals at Colbert Disposal Site (Colbert) from 1975 to 1980. Key Tronic also disposed hazardous waste at Colbert. In 1980, the Washington Department of Ecology (DOE) tested the drinking water wells around Colbert and found that they were contaminated.
 
 
 3
 Key Tronic alleged that it incurred, at its own initiative, expenses totaling $1,271,511.10 in cleanup costs. Key Tronic subsequently entered into a consent decree with the EPA and DOE. The decree required Key Tronic to pay the EPA $4.2 million in response costs.
 
 
 4
 The Air Force also stipulated with the EPA and the DOE to the entry of a consent decree. The Air Force agreed to pay the EPA $1.45 million for the clean up of Colbert. The EPA released the Air Force from any further liability, and granted the Air Force the "contribution protection" authorized by 42 U.S.C. § 9622(g)(5).[1] Pursuant to this section, the Air Force was freed from liability for contribution claims made by other parties regarding matters addressed in the settlement between the Air Force and the EPA. 42 U.S.C. § 9622(g)(5).
 
 
 5
 Key Tronic filed the present private response cost recovery action against the Air Force for 1) contribution for the $4.2 million it was obligated to pay under its consent decree with the EPA, and 2) an award of $1.2 million for response costs it incurred prior to its settlement with the EPA. Key Tronic contended that it incurred five different types of response costs: 1) remediation costs at the site prior to the EPA's involvement; 2) attorneys' fees expended trying to identify other potentially responsible parties (PRP's) liable for the clean up under CERCLA; 3) attorneys' fees for negotiating the scope of the remedial action with the EPA; 4) attorneys' fees for the present action; and 5) prejudgment interest.
 
 
 6
 The Air Force moved to dismiss the complaint. The district court dismissed Key Tronic's contribution claim against the Air Force relating to Key Tronic's $4.2 million liability for the consent decree on the ground that it was barred by the Air Force's consent decree. The court denied the motion to dismiss Key Tronic's claim for the $1.2 million in response costs. The court ruled that because Key Tronic's $1.2 million claim was a direct action to recover its own response costs as authorized by section 107(a)(4)(B), it was not barred by the "contribution protection" the EPA granted the Air Force.
 
 
 7
 After the entry of the order regarding the motion to dismiss, the Air Force and Key Tronic negotiated a consent decree and resolved all the issues of Key Tronic's claims for response costs from the Air Force except for the claim for attorneys' fees and prejudgment interest.
 
 
 8
 The district court determined that section 107(a)(4)(B) permits private parties to recover attorneys' fees as necessary response costs. 766 F.Supp. 865 (E.D.Wash.1991). It also awarded prejudgment interest. The Air Force did not appeal from the award of prejudgment interest.
 
 II.
 DISCUSSION
 
 9
 A. ATTORNEYS' FEES ARE NOT AUTHORIZED BY CERCLA.
 
 
 10
 The Air Force argues that CERCLA does not authorize courts to award attorneys' fees to a private litigant for legal expenses incurred in connection with cleanup activities or in prosecuting a response cost recovery action. The Air Force also contends that Key Tronic is not entitled to recover attorneys' fees because it contributed to the contamination of the site. In Stanton Rd. Assoc. v. Lohrey Enter., 984 F.2d 1015, (9th Cir.1993), we held that a litigant cannot recover in a private response cost recovery action attorneys' fees from a party that was responsible for the pollution. Id. at 1020. Thus, the district court lacked the authority to award attorneys' fees in this matter even if Key Tronic did not contribute to the contamination at Colbert.
 
 
 11
 B. VALIDITY OF THE AWARD OF ATTORNEYS' FEES FOR THE SEARCH FOR OTHER RESPONSIBLE PARTIES.
 
 
 12
 In addition to awarding attorneys' fees for the litigation expenses incurred by Key Tronic in employing outside counsel for the prosecution of this private cost recovery action, the district court also included in its lump sum award an amount for the legal expenses incurred by Key Tronic in conducting an investigation to search for other persons or entities responsible for the pollution. Key Tronic asserts that "the same authority that allows for the recovery of attorneys' fees in the prosecution of a private enforcement action applies to the recovery of costs for the search of other potentially responsible parties." As discussed above, CERCLA does not authorize an award of attorneys' fees in a private response cost recovery action. Id. at 1020. Accordingly, the district court lacked the authority to enter an award for the legal expenses incurred by Key Tronic in searching for other potentially responsible parties, whether performed by outside counsel or its general counsel.
 
 
 13
 C. VALIDITY OF AN AWARD FOR LEGAL EXPENSES IN NEGOTIATING AND PREPARING THE CONSENT DECREE.
 
 
 14
 The district court included in its award of attorneys' fees an amount to cover legal expenses incurred in the employment of outside counsel and the services performed by Key Tronic's general counsel in preparing and negotiating a consent decree. In support of this award, Key Tronic relies on General Elec. Co. v. Litton Indus. Automation Sys., Inc., 920 F.2d 1415, 1422 (8th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1390, 113 L.Ed.2d 446 (1991). In that matter, the Eighth Circuit construed section 107(a)(4)(B) as authorizing an award of attorneys' fees in a private cost recovery action. Id. at 1422. In Stanton Rd., we declined to adopt the Eighth Circuit's interpretation of the words "necessary response costs" as including an authorization for the award of attorneys' fees. Stanton Rd., 984 F.2d 1015, 1020. The district court erred in awarding attorneys' fees to Key Tronic for its legal expenses in preparing and negotiating the consent decree.
 
 CONCLUSION
 
 15
 Because Congress has not explicitly authorized private litigants to recover their legal expenses incurred in a private cost recovery action, that portion of the district court's judgment awarding attorneys' fees is REVERSED.
 
 CANBY, Circuit Judge, dissenting:
 
 16
 Section 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4)(B), authorizes certain persons who clean up hazardous waste sites to recover "necessary costs of response." In 1986, Congress amended the definition of "response" in section 101(25) to include "enforcement activities relating thereto." 42 U.S.C. § 9601(25). For reasons fully stated in my dissent in Stanton Road Associates v. Lohrey Enterprises, Inc., 984 F.2d 1015, 1020, 1028 (9th Cir.1993), I conclude that the 1986 amendment was intended to authorize the recovery of attorneys' fees along with cleanup costs.
 
 
 17
 Because the majority bases its decision on the proposition that attorneys' fees are not recoverable under sections 107(a)(4)(B) and 101(25), I dissent. Having registered my disagreement with the foundation of the majority's opinion, I find no need to address the questions of the recoverability of fees for the search for other responsible parties, or for negotiation or preparing the consent decree.
 
 
 
 [1]
 Section 9622(g)(5) provides, in pertinent part: "[a] party who has resolved its liability to the United States under this subsection shall not be liable for claims for contribution regarding matters addressed in the settlement."