30 F.3d 1105
 24 Envtl. L. Rep. 21,282
 KEY TRONIC CORPORATION, a Washington Corporation, Plaintiff-Appellee,
v.
UNITED STATES of America; United States Department of the
Air Force; Donald B. Rice, Secretary of the
United States Air Force, in his official
capacity, Defendants-Appellants.
 No. 91-36021.
 United States Court of Appeals,
Ninth Circuit.
 July 21, 1994.
 
 On Remand from the United States Supreme Court.
 Before: SNEED and ALARCON, Senior Circuit Judges, and CANBY, Circuit Judge.
 Opinion by Judge ALARCON.
 ALARCON, Circuit Judge:
 
 
 1
 The district court awarded Key Tronic Corporation (Key Tronic) a total of $155,500 in attorney's fees in this private response recovery action filed pursuant to section 107(a)(4)(B) of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). The district court concluded that section 107(a)(4)(B) authorized the payment of attorney's fees as "necessary costs of response." The district court awarded attorney's fees for three categories of legal services: (1) attorney's fees incurred in identifying other parties who were potentially responsible for the clean up costs; (2) attorney's fees incurred in negotiating a consent decree with the Environmental Protection Agency (EPA); (3) attorney's fees incurred in bringing this cost recovery action.
 
 
 2
 This court concluded that attorney's fees are not recoverable as necessary response costs under section 107(a)(4)(B) and reversed that portion of the district court's judgment awarding attorney's fees. Key Tronic Corporation v. United States, et al., 984 F.2d 1025, 1028 (9th Cir.1993). The Supreme Court granted certiorari.
 
 I.
 
 3
 On June 6, 1994, the Court issued its opinion in which this court's judgment was affirmed in part, reversed in part, and remanded for further proceedings. Key Tronic Corp. v. United States, et al., --- U.S. ----, ----, 114 S.Ct. 1960, 1968-69, 128 L.Ed.2d 797 (1994).
 
 
 4
 The Court held that section 107(a)(4)(B) "does not provide for the award of private litigants' attorney's fees associated with bringing a cost recovery action." Id. at ----, 114 S.Ct. at 1967. The Court affirmed that portion of this court's opinion that denied attorney's fees incurred in connection with the negotiations with the EPA that led to the consent decree, and the litigation expenses resulting from the institution of this cost recovery action. Id. at ---- - ----, 114 S.Ct. at 1966-69.
 
 II.
 
 5
 The Court also concluded, however, that payments made to a lawyer for work "that is closely tied to the actual clean up may constitute a necessary cost of response in and of itself under the terms of Sec. 107(a)(4)(B)." Id. at ----, 114 S.Ct. at 1967. The Court held that "[t]he component of Key Tronic's claim that covers the work performed in identifying other potentially responsible parties falls in this category." Id. The Court excluded, however, an award for "services performed in connection with the negotiations between Key Tronic and the EPA that culminated in the consent decree." Therefore, in compliance with the Court's mandate, we reverse the award of attorney's fees for the legal services rendered in negotiating the consent decree and litigating this cost recovery action. We affirm that portion of the award of attorney's fees for services performed in searching for other parties responsible for the clean up. Upon remand, the district court is instructed to determine the cost of the services performed by attorneys in searching for other responsible parties and limit its award of attorney's fees to that amount.
 
 
 6
 AFFIRMED in part, REVERSED in part, and REMANDED with instructions.